UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
SEIU, LOCAL 32BJ,

                      Plaintiff,

      -against-

DAYTON BEACH PARK No. 1 CORP.,

                      Defendant.
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__1/4/2019___

18 Civ. 3887 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

Dayton Beach No. 1 Corp ("Dayton Beach") brings this motion for summary judgment, seeking to vacate an arbitration award reinstating a discharged employee. Service Employees International Union, Local 32BJ (the "Union") cross-moves for summary judgment, seeking to confirm the arbitration award. For the reasons to follow, the Union's motion is granted, and Dayton Beach's motion is denied.

**I.   BACKGROUND**

The following facts are taken from the parties' Rule 51.6 Statements and the parties' submissions on these motions.

    **A.   The Collective Bargaining Agreement**

Dayton Beach is the owner of a multi-building residential facility and employs building maintenance employees to whom the Union is a collective bargaining representative. Dayton Beach and the Union are parties to a Collective Bargaining Agreement (the "CBA"), which covers building service employees. The CBA provides that "[e]mployees shall not be discharged by [Dayton Beach] except for justifiable cause." It also states that grievances will be submitted to an arbitrator, and his award is "final and binding upon the parties." On July 21, 2015, the parties executed a Memorandum of Agreement (the "MOA"), which modifies the CBA. The

MOA states that Dayton Beach "intends to distribute an Employee Handbook" and the Union has reviewed and approved its distribution. The Employee Handbook states that employees cannot conduct "side jobs" for residents without prior management approval. According to the Employee Handbook, performing these jobs without approval is "grounds for termination."

### B. Cabarcas' Discharge and the Arbitrator's Decision

William Cabarcas was a member of the Union and worked for Dayton Beach as a handyperson. Dayton Beach discharged Cabarcas on March 10, 2017, for violating the side-job rule in the Employee Handbook. The Union filed a grievance regarding the discharge, and the parties submitted the dispute to arbitration. The Arbitrator found Carbarcas had performed three side-jobs without prior approval. The Arbitrator also concluded that Dayton Beach had "looked the other way" when it suspected that unit renovation work had been performed by its employees without prior approval. The Arbitrator also found that Cabarcas was not justified in thinking that the employer had abandoned the rule. Weighing these considerations, the Arbitrator concluded Dayton Beach's decision to discharge Carbarcas was "excessive" and without "just cause" because "it previously did not show a strong interest in monitoring and/or enforcing general adherence to the side job rule." The Arbitrator reinstated Cabarcas to his former position but did not award back pay, deeming his time off the payroll to be a disciplinary suspension.

## II. DISCUSSION

Plaintiff's motion for summary judgment is granted, and the arbitration award is confirmed. Plaintiff is also entitled to back pay and prejudgment interest between the date of the Arbitrator's decision and the date of this judgment. Defendant's cross-motion is denied.

### A. Arbitration Award

Section 301 of the Labor Management Relations Act ("LMRA") "provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Trs. For the Mason Tenders Dist. Council Welfare Fund v. Super, L.L.C.*, No. 16 Civ. 6387, 2017 WL 2703572, at *2 (S.D.N.Y. June 22, 2017) (quoting *Local 802, Assoc. Musicians v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998)).

A "federal court's review of labor arbitration awards is narrowly circumscribed and highly deferential -- indeed, among the most deferential in the law." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 532 (2d Cir. 2016). "As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Bhd. Carpenters & Joiners of Am. v. Tappan Zee Constructors, L.L.C.*, 804 F.3d 270, 275 (2d Cir. 2015). Under this "heightened standard of deference," vacatur of an arbitration award is appropriate only "if the arbitral award contradicts an express and unambiguous term of the contract or if the award so far departs from the terms of the agreement that it is not even arguably derived from the contract." *Id.* "It is the arbitrator's construction of the contract and assessment of the facts that are dispositive, 'however good, bad, or ugly.'" *Nat'l Football League*, 820 F.3d at 536 (quoting *Oxford Health Plans, L.L.C. v. Sutter*, 569 U.S. 564, 573 (2013)). The Award should be confirmed as long as it "draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice." *Id.* at 537 (citations omitted).

Applying this extremely deferential standard, the Arbitrator's award of reinstatement is confirmed. The Arbitrator's decision does not contradict the express terms of either the CBA or

the Employee Handbook.  First, the Employee Handbook does not state that a violation of the side-job provision necessarily will result in termination.  Therefore, the Arbitrator did not violate an express term of the Employee Handbook by reinstating the employee in spite of his violation of the side-job provision.  *Cf. 187 Concourse Assocs. v. Fishman*, 399 F.3d 524, 527 (2d Cir. 2005) (finding that reinstatement exceeded arbitrator's authority when arbitrator found that the employer "had no option but to terminate" employee).

Second, the Arbitrator found that because the company had previously expressed little interest in enforcing the side-job rule, there was no just cause for the employee's discharge.  This reasoning invokes the "justifiable cause" provision in the CBA; the Arbitrator considered whether the employee violated the side-job rule *and* whether the employer applied the rule fairly to determine whether just cause existed for discharge.  *See United Nations Int'l Sch. v. United Nations Int'l Sch. Staff Ass'n*, No. 17 Civ. 4811, 2018 WL 3421315, at *5 (E.D.N.Y. July 13, 2018) (interpreting arbitrator's statement in light of other analysis in the opinion).  As neither the CBA nor the Employee Handbook defines just cause, the Arbitrator's interpretation of justifiable cause does not contradict an express term of the parties' agreement.  *See Niagara Blower Co. v. Shopmen's Local Union 576 of the Int'l Ass'n of Bridge*, *Structural, Ornamental, & Reinforcing Iron Workers*, No. 16 Civ. 262, 2018 WL 4382371, at *6 (W.D.N.Y. Sept. 14, 2018) (holding that where the CBA did not define "proper cause," the "termination of an employee who committed what plant rules called an 'intolerable violation' may be reviewed by an arbitrator for proper cause."); *accord First Nat. Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Employees Union Local 338, Affiliated with the Retail, Wholesale & Dep't Store Union, AFL-CIO*, 118 F.3d 892, 896 (2d Cir. 1997).  Because the Arbitrator's reinstatement of the employee

4

"draws its essence from the collective bargaining agreement," the award is confirmed. *See Nat'l Football League*, 820 F.3d at 536.

**B.     Back Pay**

As Dayton Beach does not contest that post-award back pay should be awarded should the court not grant its motion to vacate the arbitration award, Dayton Beach has abandoned that claim.

 "[A] partial response arguing that summary judgment should be denied as to some claims while not mentioning others may be deemed an abandonment of the unmentioned claims." *See Jackson v. Fed. Exp.*, 766 F.3d 189, 195 (2d Cir. 2014). "Where abandonment by a counseled party is not explicit but such an inference may be fairly drawn from the papers and circumstances viewed as a whole, district courts may conclude that abandonment was intended." *Id.* at 196.

Here, the Union explicitly included a claim for back pay and pre-judgment interest from the date of the arbitration award to the date of the judgment in its moving papers, but Dayton Beach's memoranda of law address only the inappropriateness of awarding pre-judgment interest. By failing to address back pay, it is reasonable to infer that Dayton Beach concedes that, upon confirmation of the arbitration award, the employee is entitled to back pay.

**C.     Prejudgment Interest**

District courts have discretion to award prejudgment interest for violations of the Labor Management Relations Act. *See Wickham Contracting Co. v. Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO*, 955 F.2d 831, 833–34 (2d Cir. 1992); *accord Unite Here Local 100 v. Westchester Hills Golf Club, Inc.*, 161 F. Supp. 3d 262, 267 (S.D.N.Y. 2016). The Second Circuit has adopted a "presumption in favor of pre-judgment interest." *Waterside Ocean*

*Navigant Co. v. Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984); *accord Trustees of the New York City Dist. Council of Carpenters Pension Fund v. Jessica Rose Enterprises Corp.*, No. 1 Civ. 9040, 2016 WL 6952345, at *4 (S.D.N.Y. Nov. 28, 2016). District courts routinely grant prejudgment interest unless there is a "basis to depart from this common practice." *Trustees*, 2016 WL 6952345, at *4. Courts consider the following factors: (1) the need to fully compensate the wronged party for actual damages suffered, (2) considerations of fairness and the relative equities of the award, (3) the remedial purpose of the statute involved, and/or (4) such other general principles as are deemed relevant by the court. *Gierlinger v. Gleason*, 160 F.3d 858, 873 (2d Cir. 1998); *accord All Am. Tel. Co., Inc. v. AT & T Corp.*, 328 F. Supp. 3d 342, 370 (S.D.N.Y. 2018).

These factors weigh in favor of awarding prejudgment interest. Courts in this Circuit routinely award pre-judgment interest based on equity considerations where, as here, the agreement between the parties states that an arbitration decision is "final and binding." *See, e.g.*, *New York Hotel & Motel Trades Council, AFL-CIO v. Chelsea Grand LLC*, No. 17 Civ. 04444, 2018 WL 4284046, at *6 (S.D.N.Y. Sept. 6, 2018); *New York City Dist. Council of Carpenters v. Am. Flooring Concepts Inc.*, No. 18 Civ. 2657, 2018 WL 4863651, at *5 (E.D.N.Y. Sept. 7, 2018), *report and recommendation adopted*, No. 18 Civ. 2657, 2018 WL 4861387 (E.D.N.Y. Oct. 4, 2018); *New York City Dist. Council of Carpenters v. Gen-Cap Indus., Inc.*, No. 11 Civ. 8425, 2012 WL 2958265, at *4 (S.D.N.Y. July 20, 2012). This result is warranted as a matter of fairness and in order to fully compensate the employee; because he was entitled to post-award back pay as soon as the award was final, he is entitled to the time value of that money during these proceedings and while awaiting payment.

Since the LMRA is silent with respect to interest rate, "the common practice among courts within the Second Circuit is to grant interest at a rate of nine percent per annum -- which is the rate of prejudgment interest under New York State law, N.Y. C.P.L.R. §§ 5001–5004 -- from the time of the award to the date of the judgment confirming the award." *Salus Capital Partners, LLC v. Moser*, 289 F. Supp. 3d 468, 483 (S.D.N.Y. 2018); *see also Unite Here*, 161 F. Supp. 3d at 267. Therefore, Plaintiff is awarded pre-judgment interest at a rate of 9 percent per annum from the time of the Arbitrator's decision to the date of the judgment.

### D. Attorneys' Fees

The parties do not dispute that Plaintiff is entitled to attorneys' fees. The CBA states that the prevailing party in a suit brought to enforce an arbitration award shall receive attorneys' fees and costs.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED and Defendant's motion for summary judgment is DENIED. No later than January 25, 2019, Plaintiff's counsel shall submit a fee application including time sheets and information about the attorneys who worked on this matter.

The Clerk of Court is respectfully directed to close the motion at Docket Number 25.

Dated: January 4, 2019
   New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE